IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 18-cr-00470-PAB-11

UNITED STATES OF AMERICA,

    Plaintiff,

v.

11.  JASON OAKS,

    Defendant.
_____

**ORDER**
_____

This matter comes before the Court on defendant Jason Oaks' Motion for Revocation of Magistrate Judge's Detention Order [Docket No. 216] of Magistrate Judge Scott Varholak's Order of Detention [Docket No. 139], entered on March 26, 2019. The United States has filed a response [Docket No. 221].

Defendant seeks revocation of the magistrate judge's detention order under 18 U.S.C. § 3145(b) and requests that he be released on an unsecured bond. Docket No. 216 at 5. At the detention hearing on March 26, 2019, the defendant did not contest detention. *Id*. at 2.

**Requirements for Detention Under the Bail Reform Act**

Under the Bail Reform Act, a defendant may be detained pending trial only if a judicial officer finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). The government bears the burden of proof

at a detention hearing. *Id.* The government must prove risk of flight by a preponderance of the evidence and must prove dangerousness to any person or to the community by clear and convincing evidence. 18 U.S.C. § 3142(f).

In deciding whether there are conditions of release that would assure the appearance of the defendant and the safety of the community, the magistrate judge must consider the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including --
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

Count One of the indictment names the defendant, among others, and charges a conspiracy to distribute more than five kilograms of cocaine. This count carries a ten-year mandatory minimum and a maximum sentence of life imprisonment. Therefore, pursuant to 18 U.S.C. § 3142(e)(3)(A), Count One has a rebuttable presumption of pretrial detention. In order to rebut this presumption, a defendant must produce some

evidence. *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991). Although a defendant may present evidence and rebut the presumption, the Court may nevertheless take the presumption into account as a factor in determining whether detention is appropriate. *Id*. The defendant is also charged with three other counts (use of a communications device in connection with drug trafficking; and two counts of possession with intent to distribute more than 500 grams of cocaine). Docket No. 1. The drug counts also carry a rebuttable presumption of detention.

At the conclusion of the detention hearing, the magistrate judge found that the defendant had failed to rebut the presumption of detention and also found, by a preponderance of the evidence, that the defendant was a flight risk and, by clear and convincing evidence, that the defendant would be a danger to the community if released on conditions of bond. Docket No. 139 at 3.

The standard for the district court's review of a magistrate judge's detention order under Section 3145(a) is de novo. *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003). The Court may conduct such review by considering the evidence that the magistrate judge based his detention decision on and, in its discretion, by reviewing any additional proffers on appeal. *United States v. Davidson*, 1992 WL 144641, at *2 (N.D.N.Y. June 18, 1992).

The defendant's motion for review is based on the following arguments: (a) the charges against the defendant are nonviolent crimes; (b) the defendant has close ties to the Denver area; (c) his adult criminal history is minimal; (d) he has regular employment in the area; (e) the defendant did not attempt to flee the area while the

arrest warrant was outstanding; and, most importantly, (f) he could receive medical treatment for his broken nose if he were released on bond. Docket No. 216 at 4-5.

## Charges Are For Non-Violent Crimes

While it is true that the crimes charges against the defendant do not allege violence, two of them nevertheless carry a presumption of detention. Assuming that the facts referred to in the motion are true, the Court finds that the defendant has failed to rebut the presumption of detention.

## Ties to the Denver Area and Employment

The defendant argues that he has close family members that could house him and take him to medical appointments. The defendant claims that he could get employment. *Id*. The defendant appears to be from Denver and was residing in the Denver area. The Court agrees with the defendant that he has personal and family ties to Denver. However, the government claims that the Denver knew that a warrant had been issued for his arrest, but he was nevertheless a fugitive for five months. While the defendant says that there is no evidence that he committed any crimes while the warrant was pending, his community and family ties did not induce him to turn himself in, which means this factor, while weighing in his favor, does not carry much weight.

## Defendant's Adult Criminal History

The defendant argues that he has minimal criminal history as an adult. *Id*. at 4. Although the defendant's criminal history after he turned eighteen does not involve any felony convictions, his criminal history cannot be characterized as minor. Rather, he has numerous adult misdemeanor convictions, including convictions for domestic

4

violence and interference with a police officer. Docket No. 145 at 5, 7. The defendant had his probationary sentence on a Denver solicitation conviction revoked and reinstated in 2016 and failed to appear in that case in 2017. *Id*. at 7. The defendant's adult criminal history does not weigh in favor of release.

**Defendant's Medical Condition**

The defendant claims that his nose was broken at the time of his arrest and that he has developed severe sleep deprivation issues while in custody. Docket No. 216 at 4-5. The defendant seems to argue that he could treat his nose and sleep conditions if released on bond. While is seems likely that the defendant, with the assistance of his family, could seek treatment for those conditions on bond, the defendant does not explain whether he has received treatment in custody or when he expects to be treated. The Court considers this factor to weigh somewhat in favor of release.

**Strength of the Evidence Against the Defendant**

In response to the defendant's motion, the government proffers evidence in support of the argument that the case against the defendant is strong. The government obtained permission to tap the telephones of the defendant's girlfriend, co-defendant Aide Paola Tarango. Docket No. 221 at 6. Moreover, investigators observed the defendant and Ms. Tarango pick up cocaine that both of them had purchased. In particular, the government notes a telephone call on March 3, 2018, wherein the defendant allegedly discusses the price of a kilogram of cocaine with Ms. Tarango related to an order to supplier Oliver Salazar-Felix. *Id*. at 11. The next day investigators observed the defendant and Ms. Tarango arrive at the home of Salazar-

Felix at the agreed upon time. Ms. Tarango called Salazar-Felix to let him know that she had arrived and to confirm the quantity (two kilograms) and price ($25,500 for each kilogram). Salazar-Felix told them that the delivery had to be delayed until the next day. *Id*. On March 5, investigators observed a suspected source of supply deliver drugs to Salazar-Felix's home and the defendant and Ms. Tarango arrive separately to pick the shipment up. *Id*. The defendant carried a bag (believed to be money) into Salazar-Felix's house. After approximately 20 minutes, he left carrying the same bag and put something from the bag in his vehicle and then give the bag to Ms. Tarango. *Id*. More importantly, the defendant has filed a notice of disposition in this case. Docket No. 181. The government states that the defendant intends to plead guilty to conspiracy, presumably to Count One. This is obviously a strong indication of the defendant's culpability. A plea of guilty to Count One will require, unless exceptional circumstances are shown, that the defendant be remanded. See 18 U.S.C. § 3145(c). The change of plea hearing is set for September 20, 2019. Docket No. 200. Thus, the government argues that, if the defendant were released on bond, he would have only a month before going back into custody. Docket No. 221 at 14. The Court agrees that there is strong evidence of the defendant's culpability.

**Conclusion**

Reviewing de novo the Pretrial Services Report, the arguments of the parties, the proffers of the United States, Docket No. 221, and the defendant's notice of disposition, the Court finds that there that is no combination of conditions that would ensure the safety of the community and assure the appearance of the defendant. The

government has shown clear and convincing evidence that the defendant is involved in trafficking cocaine, which involvement presents a danger to the community. The defendant's recent revocation of probation and failure to appear and his failure to turn himself in on this case demonstrate by a preponderance of the evidence that the defendant poses a risk of flight. While the defendant may be motivated not to flee given his need for medical treatment, this factor is outweighed by the above-noted factors. Upon de novo review, the Court finds that the defendant should be detained until his change of plea hearing.

Wherefore, it is

**ORDERED** that defendant Jason Oaks' Motion for Revocation of Magistrate Judge's Detention Order [Docket No. 216] is denied.

DATED August 19, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge