IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 18-cr-00470-PAB-11

UNITED STATES OF AMERICA,

 Plaintiff,

v.

11. JASON OAKS,

 Defendant.

___

**ORDER**
___

This matter is before the Court on Jason Oaks' pro se Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) [Docket No. 559] and Supplement to Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) [Docket No. 567], filed by counsel. The government responded to defendant's original pro se motion and counseled supplement. Docket Nos. 562, 570.

**I. BACKGROUND**

On December 13, 2019, Mr. Oaks pled guilty to knowingly and intentionally conspiring to distribute, or possessing with the intent to distribute, 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii)(II), and 846. Docket Nos. 324 at 1, 325 at 1-2. On August 30, 2021, the Court sentenced Mr. Oaks to 60 months imprisonment to be followed by three years of supervised release. Docket No. 543 at 2-3. Mr. Oaks is currently incarcerated at FCI Englewood in

Englewood, Colorado.  See Federal Bureau of Prisons, *Inmate Locator*, https://www.bop.gov/inmateloc/.  Mr. Oaks' projected release date is January 4, 2023. *Id*.

On January 28, 2022, Mr. Oaks file a pro se motion for compassionate release. Docket No. 559.  Defendant's motion includes a proposed release plan and medical records.  *Id.* at 17-30; Docket No. 558.  Defendant's motion states that there are extraordinary and compelling reasons for his release, Docket No. 559 at 7; the Court construes Mr. Oak's letter on pages 29 to 32 of Docket No. 558 to be his argument in favor of compassionate release.  It indicates that Mr. Oaks suffers from chronic obstructive pulmonary disease ("COPD"), sleep apnea, asthma, and prostate issues. Docket No. 558 at 29-30.  On February 8, 2022, the government responded.  Docket No. 562.  On March 4, 2022, defendant filed a supplement to his motion through counsel.  Docket No. 567.  Defendant argues that, in light of COVID-19, his medical conditions, and his successful rehabilitation efforts, he warrants compassionate release.  *Id.* at 3.  On March 9, 2022, the government responded to defendant's supplement.  Docket No. 570.

## II.  LEGAL STANDARD

Under 18 U.S.C. § 3582(c)(1)(A)(i), known as the "compassionate release" provision, a district court may grant a motion for a reduction of sentence by the defendant or the director of the Bureau of Prisons ("BOP") if three requirements are met.  *See United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).  The requirements are that "(1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is

consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in § 3553(a), to the extent that they are applicable." *Id.* A court need not address all of the steps if one of them demonstrates that a defendant is not entitled to compassionate release. *Id.* at 1043.

A district court may grant a sentence reduction upon motion of the defendant only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). That requirement is satisfied here. Defendant filed with the Court the warden's December 21, 2021 denial of defendant's request for compassionate release based on COVID-19. *See* Docket No. 559 at 13-15. Additionally, the government does not contest exhaustion. *See generally* Docket No. 562.

Although the Sentencing Commission has identified four categories of extraordinary and compelling reasons that may warrant a sentence reduction, *see* U.S.S.G. § 1B1.13, cmt. n.1, this policy statement is not "applicable" under the First Step Act when a motion is brought by a defendant.[1] *See McGee*, 992 F.3d at 1050. Rather, it is within the Court's discretion to determine whether extraordinary and compelling reasons justify compassionate release. *See id.* (reasoning that, because the guidelines are not "applicable," they "cannot constrain district courts' discretion" (citation omitted)). However, a court may conclude that the application notes to

---

[1] The government's brief ignores that this policy statement is not applicable. *See* Docket No. 562 at 2-3.

U.S.S.G. §1B1.13 "still provide[] the best definition and description of 'extraordinary and compelling reasons.'" *United States v. Carr*, 851 F. App'x 848, 853 (10th Cir. 2021) (unpublished).

## III. ANALYSIS

"The existence of the COVID-19 pandemic no doubt can be described as extraordinary insofar as it is beyond what is usual, customary, regular, or common." *United States v. Gonzalez*, 467 F. Supp. 3d 1075, 1079 (D. Colo. 2020) (citations, alterations, and quotations omitted). "However, because the apposite test is stated in the conjunctive, the dangers presented by the pandemic – which impact us all, worldwide – also must be 'compelling' in [the movant's] particular circumstances." *Id.*; *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison cannot independently justify compassionate release.").

Mr. Oaks is 44 years old and represents that he has COPD, sleep apnea, asthma, and prostate issues. Docket No. 558 at 29-30. Mr. Oaks argues that his breathing complications require him to use a continuous positive airway pressure ("CPAP") machine while he sleeps. Docket No. 567 at 2. However, his CPAP machine does not work as intended because it is not calibrated to his breathing. *Id.* at 5. Defendant and the government agree that the BOP removed a titration chip from the machine because it was a security risk. *Id.* at 7; Docket No. 570 at 1. The parties disagree, however, on whether or not this chip is necessary to the proper functioning of defendant's CPAP machine. *Id.*

4

Mr. Oaks' breathing conditions make him more prone to severe illness from COVID-19. *See* Ctrs. for Disease Control and Prevention, *People with Certain Medical Conditions* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Feb. 25, 2022) (stating that chronic lung diseases, including COPD and asthma, "can make you more likely to get very sick from COVID-19"). However, Mr. Oaks is fully vaccinated against COVID-19. *See* Docket No. 559 at 13; Docket No. 567 at 1-2 (arguing that Mr. Oaks' breathing conditions warrant compassionate release despite his vaccination status). Because of the effective nature of the COVID-19 vaccines, the Court finds that Mr. Oaks has not demonstrated extraordinary and compelling reasons warranting compassionate release based on his medical conditions in combination with the COVID-19 pandemic. *See United States v. McRae*, 2022 WL 803978, at *2 (10th Cir. Mar. 17, 2022) (unpublished) ("Given the effectiveness of COVID-19 vaccines, we agree with the Sixth and Seventh Circuits that 'a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction.'"); *United States v. Hald*, 8 F.4th 932, 936 n.2 (10th Cir. 2021) (declining to consider defendants' vaccination status on appeal but noting that "there is certainly room for doubt that Defendants' present circumstances would support a finding of 'extraordinary and compelling reasons.'"); *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."). Accordingly, the Court finds that defendant has not demonstrated

5

extraordinary and compelling reasons warranting compassionate release and will deny the motion.

The Court additionally notes that defendant does not address the sentencing factors in § 3553(a) beyond cursorily stating that "no further incarceration is necessary to satisfy the statutory sentencing objectives of 18 U.S.C. § 3553(a)." Docket No. 567 at 10.  This argument is insufficient to demonstrate why compassionate release is warranted under the sentencing factors and provides an alternative basis to deny defendant's motion.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Jason Oaks' pro se Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) [Docket No. 559] is **DENIED**.  It is further

**ORDERED** that Jason Oaks' Supplement to Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) [Docket No. 567], to the extent it can be construed as a motion, is **DENIED**.

DATED April 11, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge